UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, ET. AL.,,

      Plaintiff(s),                     CIVIL NO. 08-CV-13503

v.

MICHIGAN CONSOLIDATED GAS COMPANY,

      Defendant(s).
_____/

## SCHEDULING ORDER (NON-JURY)

The court has considered a written Rule 26(f) plan, held a scheduling conference or both, and advises counsel to carefully read the provisions of this Order. Other helpful information may be found at the court's website, http://www.mied.uscourts.gov/Judges. The court seldom extends, but may shorten, the deadlines established in this Order (*e.g.*, if no dispositive motion is filed by the deadline for such action, the court may advance all remaining dates by 60 days or more).

**IT IS HEREBY ORDERED as follows:**

**1.**     **ELECTRONIC FILING:**

Use of the court's electronic filing system ("CM/ECF") is mandatory. Chambers' copies of *most* papers filed electronically need not be submitted (but see "Motion Guidelines," ¶ 7, below).

2. **AMENDMENTS:**

Any motion to add an allegedly indispensable party under Fed. R. Civ. P. 19 must be filed, or be deemed waived, not later than **10/1/2010.** The court has encouraged the parties to narrow their claims and defenses to those based upon information presently available in order that the parties may simplify the issues, *see* Fed. R. Civ. P. 16(c)(2) and better "secure the just, speedy, and inexpensive determination" of this case, *see* Fed. R.Civ. P. 1. A later motion to amend the complaint, answer or defenses based on newly discovered information will be entertained as presented, but must be made promptly after receipt of the information upon which a proposed amendment is based.

3. **DISCOVERY DEADLINE:**

The deadline for completing (not simply scheduling) court-supervised discovery is **11/30/2011**. **Fact Discovery is to be completed by 05/31/2011.** A response to a discovery demand, including interrogatories and requests to admit, that would is **due on the 28th day following service.** A discovery demand that is served such that a response is not due before the discovery deadline is deemed of no effect unless counsel agree to comply in spite of the discovery deadline. Extensions of court-supervised discovery are not ordinarily granted in the absence of unusual circumstances. Although unsupervised discovery is sometimes agreed to among counsel, court deadlines are not changed based upon mere agreement. Any proposed

protective order should include language limiting the amount of material filed under seal as described on this court's website.[1]

4. **PRELIMINARY AND FINAL WITNESS LISTS:**

In order to properly orient each party to the expected trial position of the opposing side, each party must deliver a **preliminary witness list,** to the opposing party and file a copy with the court on or before **1/12/2011.**

Each party must deliver a **final witness list**, to the opposing party and file a copy with the court on or before **11/16/2011.** The list must constitute a full good-faith disclosure of each witness who is both known to the party and intended at that time to be called at trial.  In the event that a party desires to supplement the list with additional witnesses, the party may do so by stipulation or, if a stipulation is not forthcoming, with a motion supported by a showing of good cause. Witness lists must include after each witness's name an informative synopsis (one or two sentences) outlining the witness's expected testimony.

5. **EXPERT REPORTS REQUIRED BY Fed. R. Civ. P. 26(a) (2) (B):**

The report of Plaintiffs and Defendants' initial experts are due on or before **6/30/2011.**  Plaintiffs' and Defendants' experts' responses are due on or before **7/29/2011.**  Plaintiffs' and Defendants' experts' reply reports are due on or before **8/31/2011.**  Depositions of all experts must be available and prepared for deposition within **fourteen days** after the date the experts' reports are provided.  Depositions of

---

[1] *See http://www.mied.uscourts.gov/_practices/Cleland/discovery.htm*

experts may exceed seven hours. Further terms of the parties' expert discovery are set forth in the parties' "Appendix A," attached to the parties' "Joint Rule 26(f) Discovery Plan." (*See* Dkt. # 51.)

In the event that a 26(a)(2)(B) report and deposition availability is not provided as required herein, the proposed expert testimony may be excluded. Expert reports are not to be filed with the court unnecessarily (*e.g.,* an expert report might be filed as an exhibit to a *Daubert* motion).

**6.     DISPOSITIVE MOTION DEADLINE:**

The deadline for filing a motion requiring extensive briefing and consideration (including chiefly a motion under Fed. R. Civ. P. 12 or 56, or a motion challenging an expert under *Daubert v Merrell Dow Pharmaceuticals, Inc,* 509 U. S. 579 (1993)) is **1/16/2012.**

**7.     MOTION GUIDELINES:**

**a)  Concurrence.**   Before filing ***any motion***, read and closely follow E. D. Mich. LR 7.1(a)(2) in seeking concurrence. Moving counsel must ***specifically report*** in reasonable detail the events that lead to concurrence being refused. Both an unreasonable withholding of consent and the absence of a good faith effort to seek the concurrence that was later provided upon the motion being filed, may lead to sanctions under LR 7.1(a)(3).

**b)   Form issues.**

   **I) Chambers' copies of complex briefs.** The court does not require chambers' copies of rudimentary and reasonably concise motions and

4

briefs. However, motions that are complex and accompanied by extensive briefs and numerous exhibits are requested to be provided in physical form as chambers' copies. Generally, if a brief exceeds **twenty pages,** or is accompanied by more than **five exhibits or exhibits totaling more than twenty pages**, a chambers' copy should be provided. Please deliver such chambers' copies within 48 hours after the brief is filed.  Insert a tabbed divider at each exhibit or affix a tab to the first page of the exhibit.

**ii) Binding:** *avoid top-punching of chambers' copies.*

Bind any judge's or chambers' copies of briefs and appendices with a staple in the upper left corner unless more than about 20 pages are presented, in which case please bind in "book form" along the left margin.

**iii) Page limits on text.** The "text" of a brief as discussed in Local Rule 7.1(c)(3) includes things such as the case summary and argument, but does not apply to the statement of facts, table of contents, index of authorities, etc.

**iv)  Avoid presenting a "Notice of hearing."**  This court always sets its own hearing dates, and it is a waste of time and paper to include a "Notice of Hearing" form in your motion.  Such notices are not required either by the Federal or Local Rules.

   c)   **Briefing and Hearings.**  Responses to motions in this case are due as specified in the Federal and Local Rules.  The court may set other specific, shorter dates for responses and replies in some motions.  An "oral argument" or "hearing" date

*may* be identified, but this is an internal court scheduling device and not a guarantee that argument will be conducted. A motion may be decided on the briefs only, and sometimes just days before argument. Short extensions of deadlines that do not affect other deadlines may be granted by the court's Case Manager Lisa Wagner. Counsel must seek concurrence before contacting the court.

  d) **Hearings by telephone.** The court will on its own initiative or at the request of counsel conduct some conferences and hearings by telephone or video conference; other reasonable suggestions that may reduce time, expense, and inconvenience require to resolve a case are invited.

  e) **Motion Standards.** Clearly describe the standard governing your motion, but please avoid lengthy boilerplate recitations of legal standards or lengthy "string cites" in support of well-established principles. On the merits, please focus your analysis on a few well-chosen cases, preferably recent and from controlling courts. You are encouraged to lodge with judge's chambers copies of your main cases, with relevant passages highlighted and tabbed (an equivalent copy to be provided to opposing counsel, but not to be filed with the Clerk).

  f) **Rule 56 Motion Statement of Material Facts; format of "fact appendix."** A Rule 56 motion must begin with a "Statement of Material Facts." Such a Statement is to be included as the first section of the Rule 56 Motion, but the pages of that section do not count against the page limits for briefs. The "Statement" must consist of numbered paragraphs briefly describing the material facts underlying the motion. Each proffered fact is to be supported by a citation to record evidence, presented in a separate Fact

Appendix.[2]  The response to a Rule 56 motion must begin with a "Counter-statement of Material Facts" if any of the moving party's proffered facts are contested.  The paragraph numbering must correspond to the first Statement of Facts.  Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purpose of the motion be deemed admitted.[3]

The factual record is to be contained in a separate "fact appendix."  Begin the appendix with an index, followed by the tabbed exhibits.  Submit enough of a document or deposition to allow it to be read in context, but avoid unnecessarily submitting things, including depositions, *in toto.*  Documents and exhibits such as interrogatories, deposition and affidavits provided in the appendix should be highlighted to focus attention on your point.

Chambers' copies of fact appendices of more than 20 pages must be separately bound and include a cover sheet identifying the motion to which they are appended.  All pages from the same deposition or document should be at the same tab.

---

[2] Examples of movant's separate material factual statements:
1. Plaintiff Jones worked for ABC Corp., in and at-will position from 1999 until his termination in 2005.  Jones dep., Appdx Ex.4, pg.10.

25. ABC Corp. Human Resources Director Smith testified that the only reason Jones was terminated was repeated tardiness.  Smith dep., Appdx. Ex. 15, pg.5.

[3] For examples of non-movant's corresponding factual statements:
1. Plaintiff admits that he worked for ABC Corp., in an at-will position, but the commencement of employment was in 1197. Jones dep., Appdx Ex. E, pg.22.

25. Plaintiff admits that Human Resources Director Smith testified at page 5 that Jones was terminated for tardiness, however Smith also agreed that he siad in an email to ABC Corp. Vice President Brown that Jones should "move out" since he was "getting along in years." Smith dep., Appdx Ex. 15, pg 39.

**g) Prompt action by the court.**  The court endeavors to decide pending motions promptly, ordinarily within four weeks after a hearing or within two weeks after the time for a response has passed without a response being filed.  Complex motions or those raising novel issues may require additional time to conclude.  If a motion has been pending in chambers without resolution for an apparently inordinate time, counsel are asked to notify the court's case manager by telephone or in writing (jointly if possible) as to the status of the motion.  Such notification is a service that is appreciated by the court and is not viewed by the court as inappropriate or impertinent.

**h) Ombudsman availability.**   In the event that a problem arises which counsel believe cannot reasonably be brought directly to the assigned judge, counsel should be aware that this District is honored to have a Court Ombudsman to serve *pro bono* as an intermediary between judicial officers and the bar.  The Ombudsman acts on an informal basis to advise and address any matters that may lack an institutional mechanism or other forum for redress.  Contacts with the Ombudsman may be joint or individual, and are strictly confidential.[4]

8. **MOTIONS IN LIMINE:**

Motions in limine must be filed on or before **TBD**.  The court will not entertain motions in limine on the day of trial without good cause shown for the delay.  "Motions in limine," as used here, indicates the relatively uncomplicated cautionary motions often seen at the commencement of a case.  A motion, even if labeled as one "*in limine*," which will require extensive briefing and consideration (such as a *Daubert* motion; *see*

---

[4] See http://mied.uscourts.gov/Information/Attorneys/

section 5, above) must be filed in accordance with the deadline for filing dispositive motions.

9.      **FILING PROPOSED FINDINGS AND CONCLUSIONS:**

   **a) Filing deadline and form**.  Plaintiff's counsel is ORDERED to file not later than **TBD** a joint document containing proposed findings of fact and conclusions of law.  The document must also be lodged with chambers electronically in a word processing format.  Each proposed fact or conclusion must be set forth separately in numbered paragraphs, and supported by a citation to the record as it then exists.[5]  The findings and conclusions are to be consolidated to the greatest extent possible, and include only such proposed facts, legal standards, and proposed conclusions that are reasonably needed to decide the case.

   **b) Procedure.**  Plaintiff's counsel is to draft an initial version of proposal and Plaintiff's circulate it to opposing counsel who will indicate those paragraphs that are agreed to and those which are not.  Where there is disagreement, alternative or additional proposals reflecting the client's position must be supplied.  It remains the responsibility of Plaintiff's counsel to incorporate the suggested modifications into the single document.

   The exact format of this submission is left to the discretion of counsel.[6]

---

[5] Anticipated trial testimony may be cited as such with a reference to the particular witness or witnesses expected to support the proposed fact.

[6] The court suggests a columnar format similar to this example:

| P.'s fact, with support cited | D.'s reaction (agree/disagree and cite support) | D.'s alternate/additional fact, with support cited | P.'s reaction (agree/disagree and cite support) |
|---|---|---|---|

**10.**     **JOINT FINAL PRETRIAL STATEMENT:**

Plaintiff's counsel must submit a proposed joint final pretrial order pursuant to Local Rule 16.2 to chambers on or before **TBD**.  Note that in lieu of "stipulated facts," it is sufficient to state "proposed findings including stipulated facts have been separately submitted."

**11.**     **FINAL PRETRIAL CONFERENCE; POSSIBLE SETTLEMENT CONFERENCE:**

**a)**  The court will conduct in chambers a Final Pretrial Conference under the provisions of Fed. R. Civ. P. Rule 16(d) on **TBD**.  Trial counsel for all parties must attend.

**b)**  If the parties desire a settlement conference they should timely notify the court and another judicial officer will be requested to preside at the conference.

The following is provided for the parties' information: in preparation for such a settlement conference over which this judge was to preside, the court would ordinarily require Plaintiff to transmit a written good faith settlement demand at least 14 days before the conference.  Also, the court would require the following persons to personally attend: trial counsel, all natural person parties, a decision-making representative on behalf of a corporate party, and a decision-making representative of any insurance carrier which has undertaken the case.  Note, however, that a substitute judge may

| | | | |
|---|---|---|---|
| #22 Mr. Smith was not shown the addendum before he signed the contract. Smith deposition 5/12/03, p. 50, line 15-22 | Agree that Smith so testified, but Smith is not credible. | Jones showed Smith the addendum the week before Smith executed the contract. Jones dep. of 6/1/03, p. 44, line 12-20. | Agree that there is a conflict between Smith's and Jones's testimony, but argue that Jones is not credible due to inconsistent explanations. See Jones dep. of 1/15/03, p. 26; Jones letter of 12/2/02 (Ex. 110). |

have different preparation requirements, and counsel are expected to jointly initiate contact with such substitute judge for further instructions.

12. **NON-JURY TRIAL SCHEDULE:**

This case is assigned for trial on **TBD.**

13. **EXHIBITS; EXAMINING, PRE-MARKING AND LISTING:**

The court expects counsel to have reviewed each other's exhibits well in advance and, based on the court's experience, to have likely approved of the fundamental admissibility of nearly all exhibits, reserving arguments as to significance. In any event, a complete exhibit list is required by a deadline significantly before trial, to include an explanation for any proposed or anticipated exhibits to which objections remain unresolved.  See section 14 below. Accordingly Plaintiff's counsel is hereby ORDERED to convene a meeting of the attorneys at which all counsel are ORDERED to meet and:

    a)   Identify any objections as to authenticity, foundation, relevance, etc., of ea*ch* proposed exhibit and deposition, including exhibits the party knows will be introduced and those that are only possible,

    **b)**  List separately each party's exhibits and depositions:

        **l)**  those as to which there are no objections, and

        **ii)** those as to which there are objections.

    **c)**   concerning each proposed exhibit to which a party objects, give the proposing party in writing the reason for withholding stipulation or the basis of any objection.

    **d)**  number and label all exhibits (including those objected to) IN ADVANCE OF TRIAL. In-court time will not used for labeling exhibits that could have been labeled earlier; the court reporter does not label exhibits for counsel.  Plaintiff should use exhibit numbers beginning with 101 and Defendant should use numbers beginning with 501. In the event of an extraordinarily large number of exhibits or for other reasons, counsel should agree upon a reasonable alteration to π-101 / Δ-501 numbering.

**14.**  **EXHIBIT LISTS AND TRIAL BRIEFS:**

    **a)** Counsel for Plaintiff is ORDERED by **TBD**:

        **I)**  to file a list of exhibits, the admissibility of which is stipulated to by both parties, and a list of the depositions similarly stipulated to, and

        **ii)**  to lodge with judge's chambers copies of the exhibits themselves either electronic or physically.  If submitting on paper please provide a tabbed divider at each exhibit or a tab affixed to the first page of the exhibit. If the exhibits are bulky or other considerations make any such submission impractical, please advise court staff of the difficulties an consult on appropriate method of submission.

    **b)**  Counsel for plaintiff and for defendant each are ORDERED by the same date noted in section a), above, to file:

        **I)**  a list of that party's *proposed* exhibits, the admissibility of which has been objected to by the opposing party, and the reason (supplied by opposing counsel) for the objection, and

      ii) any trial brief that party intends to present.[7]

**15.** **ELECTRONIC PRESENTATION OF EVIDENCE:**

Counsel are directed to prepare and use electronic presentation technologies at trial to eliminate, or at least substantially minimize, the need for any physical copies of documents in court. Counsel may bring their own presentation technology to the courtroom, or if they have none, they should lodge a request at least three weeks in advance of trial for a reservation to use the court's presentation technology.

---

[7] A good trial brief will do more than merely restate the case summary contained in the JFPTO, although a theory of the case is usually the core. It may, for example, assist the court by outlining counsel's intended position on anticipated evidence or witness problems.

| SUMMARY OF MAJOR DEADLINES | |
|---|---|
| **Final Witness List** | **11/16/2011** |
| **Discovery Deadline** | **11/30/2011** |
| **Dispositive Motion Deadline** | **1/16/2012** |
| **Joint Final Pretrial Order and Proposed Findings** | **TBD** |
| **Final Pretrial/Settlement Conference** | **TBD** |
| **Non-Jury Trial** | **TBD** |

*Counsel are cautioned not to rely upon this summary alone. Important detailed information is contained in the Scheduling Order, ignorance of which can imperil claims or defenses.*

IT IS SO ORDERED.

s/ Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

August 6, 2010

notice to:

LEE KHACHATURIAN, KATHLEEN LANG, TAMMY HELMINSKI, SCOTT DISMUKES
MATTHEW LUND/WILLIAM SCHAEFER, BARBARA URLAUB

(CMO-NJ  Rev.04/06)