**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FORD MOTOR COMPANY, et al.,

    Plaintiffs,

v.                                                         Case No. 08-CV-13503-DT

MICHIGAN CONSOLIDATED GAS COMPANY,

    Defendant.

                                                /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION FOR
RECONSIDERATION AND FOR LEAVE TO AMEND COUNTERCLAIM," GRANTING
DEFENDANT'S "MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT,"
AND SETTING DEADLINE TO FILE PLEADINGS**

Before the court is a "Motion for Reconsideration and for Leave to Amend Counterclaim" filed by Defendant Michigan Consolidated Gas Company ("MichCon"). MichCon has also filed a "Motion for Leave to File Third-Party Complaint." The motions are opposed by Plaintiffs Ford Motor Company ("Ford") and Severstal North American, Inc. ("Severstal"). No hearing is required on the motions. *See* E.D. Mich. LR 7.1(f)(1) & (2). For the reasons stated below, the court will grant the motions.

**I. BACKGROUND**

Plaintiffs Ford and Severstal filed this action against MichCon on August 13, 2008, seeking recovery of costs that Plaintiffs have incurred and will continue to incur in connection with environmental impacts allegedly caused by MichCon and its predecessors at a manufactured gas plant ("MGP") on the west side of the Rouge River in the City of Dearborn, Michigan. The property at issue in this litigation is referred to by the parties as the Schaefer Road Area Property ("SRA Property").

The initial complaint against MichCon asserted seven counts, but Plaintiffs subsequently filed an amended complaint asserting only five counts: Count I, entitled "Cost Recovery Pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607" ("CERCLA"); Count II, entitled "Contribution Pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9613"; Count III, entitled "Cost Recovery Pursuant to the Michigan Natural Resources and Environmental Protection Act" ("NREPA"); Count IV, "Contribution under Michigan's [NREPA];" and Count V, entitled "Common Law Indemnification." On MichCon's motion, the court has dismissed Counts II and V.

On October 30, 2009, MichCon filed its counterclaim, asserting four counts against Ford and Severstal: two counts for contribution under CERCLA (Count I) and Michigan's NREPA (Count III) and two counts for cost recovery under CERLCA (Count II) and NREPA (Count IV). Plaintiffs filed a partial motion to dismiss on November 25, 2009, seeking dismissal of the cost recovery claims. Shortly after the motion to dismiss was filed, the parties voluntarily agreed to stay the case in order to pursue settlement negotiations. After negotiations concluded, unsuccessfully, the motion was fully briefed and oral argument was held on August 26, 2010. The court granted the motion on August 27, 2010, and dismissed MichCon's Count II and Count IV.

MichCon timely filed a motion for reconsideration and for leave to amend the counterclaim, in which MichCon seeks to file an amended counterclaim addressing the deficiencies noted in the court's previous order. MichCon has also moved for leave to file a Third Party Complaint against the United States of America, asserting claims for contribution and for cost recovery under CERCLA.

## II. STANDARD

To prevail on a motion for reconsideration, Plaintiff "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

The decision whether to grant leave to amend the pleadings is governed by Federal Rule of Civil Procedure 15. Rule 15 provides that, after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

Plaintiffs assert that the court should deny MichCon's motion to amend because the proposed claims are futile. The court may indeed deny a motion to amend pleadings if the proposed claims would be futile. *Blakely v. United States*, 276 F.3d 853, 874 (6th Cir. 2002). Claims are futile if they could not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005);

*Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Although a heightened fact pleading of specifics is not required, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated on other grounds by Twombly*, 550 U.S. 544. In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted). Therefore, "to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citations and internal quotation omitted). Despite these requirements, a court cannot grant a motion to

dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's well-pled factual allegations. *Twombly*, 550 U.S. at 556.

### III.  DISCUSSION

#### A.  Reconsideration

In the August 27, 2010, order, the court dismissed MichCon's Count II and Count IV, but did not specifically state whether the dismissal was "with prejudice." MichCon now asks for reconsideration of that dismissal, but only insofar as the order dismissed the counts "with prejudice." The court now clarifies that the dismissal of both counts, based on the failure to plead the counts with requisite specificity, was without prejudice. The Sixth Circuit has stated that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *E.E.O.C. v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)); *see also U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). As will be discussed below, a more carefully pleaded counterclaim could cure the defects addressed in the court's August 26, 2010 order. Accordingly, to the extent that the court's previous order can be read as prohibiting the amendment of the counterclaim, MichCon's motion for reconsideration will be granted, and the court now specifically states that the August 26, 2010, dismissal was without prejudice.

#### B.  Amendment

In the court's August 26, 2010, order, it found that MichCon's cost recovery claim under CERCLA § 107, 42 U.S.C. § 9607 (Count II) and the corresponding Michigan claim under NREPA Part 201 (Count IV) were not adequately alleged pursuant to

5

*Twombly* and *Iqbal*. Specifically, the court found that MichCon's counterclaim did not sufficiently allege that the response costs sought to be recovered were "necessary," as is required under both CERCLA and NREPA. MichCon now seeks leave to amend its counterclaim in order to assert additional allegations of necessity. Plaintiffs contend that MichCon, in its proposed amended counterclaim, has again failed to alleged sufficient facts to withstand a motion to dismiss. The court disagrees.

As stated in the court's previous order, to assert a prima facie case for CERCLA recovery under § 107(a), MichCon must allege (1) the property at issue is a "facility"; (2) there has been a "release" or "threatened release" of a hazardous substance; (3) the release has caused MichCon to incur "necessary costs of response" that are "consistent" with the National Contingency Plan (the "NCP"); and (4) Ford and Severstal are in one of four categories of potentially responsible parties. *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 703 (6th Cir. 2006) (citing *Franklin County Convention Facilities Auth. v. Am. Premier Underwriters, Inc.*, 240 F.3d 534, 541 (6th Cir. 2001)).[1]

The court has already set forth the relevant standards for "necessary costs of response," and includes only a general overview here. Pursuant to the relevant statutory definitions, in order to sustain a claim for cost recovery under CERCLA, MichCon must have incurred "necessary costs of response," including costs of removal or remedial action. Removal costs and remedial action may include "such actions as may be necessary to monitor, assess, and evaluate the release or threat of release of

---

[1] The court rejects MichCon's assertion that "necessity" is not part of a CERCLA prima facie case. (Def.'s Mot. Br. at 4, n.5.) MichCon's citation to a district court case does not overcome Sixth Circuit case law to the contrary.

6

hazardous substances." 42 U.S.C. § 9601(23). "Monitoring and evaluation costs may be recovered as 'removal' costs under CERCLA if they were reasonable, and the activities were not scientifically deficient or unduly costly." *Village of Milford v. K-H Holding Corp.*, 390 F.3d 926, 933 (6th Cir. 2004) (citing *Johnson v. James Langley Operating Co.*, 226 F.3d 957, 963-64 (8th Cir. 2000) and *Lansford-Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209, 1219 (3d Cir. 1993)). Thus, investigative costs may, under certain circumstances, be recovered as "necessary costs of response." *Id.* at 935. "Generally speaking, legal fees and litigation-related costs 'are not recoverable'; only 'work that is closely tied to the actual cleanup . . . may constitute a necessary cost of response.'" *Ellis v. Gallatin Steel Co.,* 390 F.3d 461, 482 (6th Cir. 2004) (quoting *Franklin Cnty. Convention Facilities Auth.*, 240 F.3d at 549).

The Sixth Circuit has also held that "[c]osts are 'necessary' if incurred in response to a threat to human health or the environment." *Regional Airport Authority of Louisville*, 460 F.3d at 703 (citations omitted). "Conversely, costs incurred at a time when the plaintiff was unaware of any threat to human health or the environment are not 'necessary.'" *Id.* For a response cost to be necessary, there must be some link or nexus between the response cost and some effort to respond to a risk of or an actual contamination. *Id.* at 705-06 (quoting *G.J. Leasing Co. v. Union Elec. Co. ("G.J. Leasing I")* 854 F.Supp. 539, 562 (S.D. Ill. 1994)) ("CERCLA liability attaches only where a release or threatened release of a hazardous substance 'causes the incurrence of response costs.'"); *Johnson v. James Langley Operating Co., Inc.*, 226 F.3d 957, 964 (8th Cir. 2000) ("Testing and sampling expenses are necessary only if the party seeking to recover costs has an objectively reasonable belief that the defendant's release or

threatened release of hazardous substances would contaminate his or her property."); *Lansford-Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209, 1219 (3d Cir. 1993) (stating that in order to recover monitoring and evaluation expenses there must have been "a reasonable risk (although one that may not materialize) that the defendant's release or threatened release of hazardous substances would contaminate the plaintiff's property");  *Young v. United States,* 394 F.3d 858, 863 (10th Cir. 2005) (citing *United States v. Hardage*, 982 F.2d 1436, 1447 (10th Cir. 1992)).

    MichCon's previous counterclaim failed to sufficiently allege facts which linked its costs to any effort by MichCon to respond to the contamination at the relevant property. Specifically, despite detailed allegations relating to the history of the relevant property, its operations, its transfer of ownership, its contamination, and efforts taken, or not taken, by Plaintiffs to clean up the property, the counterclaim was practically devoid of any allegations relating to MichCon's removal costs.  While MichCon alleged, generally, that it incurred "costs of response," nowhere did MichCon specifically allege that the response costs were "necessary," which is required to sustain a CERCLA claim for cost recovery.  *See Regional Airport Authority of Louisville,* 460 F.3d at 703.  MichCon's conclusory allegations, without further supporting averments, were too general to state a claim under applicable pleading standards. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  The court stated "[i[t is simply not enough to allege that MichCon incurred costs of response, without detailing *any* factual allegations in support of the statement; without alleging that the costs were necessary and explaining–even

briefly–why they were necessary; or without otherwise enhancing the bare recitation of the element of a cost recovery claim." (8/27/10 Order at 11-12 (citing *Iqbal*, 129 S.Ct. at 1949).) The court also dismissed MichCon's NREPA claim for the same defects [2] because, "[a]s with the CERCLA count, MichCon includes only one, bare-bones factual allegation relating to the necessity of response costs under NREPA." (*Id.* at 14.)

Having reviewed MichCon's proposed First Amended Complaint, the court is satisfied that MichCon has corrected its previous deficiencies. Plaintiffs argue that MichCon's proposed amendments still do not allege that MichCon incurred "costs in its effort to respond to contamination, that these costs were necessary to contain and cleanup hazardous substances, or that these costs were undertaken in cooperation with or under direction of state or federal agencies." (Pl.'s Resp. at 2.) Plaintiffs assert that MichCon has not alleged the basis for its belief that contamination could migrate to MichCon's property and has not alleged the types of costs it occurred. (*Id.* at 11.) Fundamentally, Plaintiffs contend that MichCon's costs were incurred, not as necessary costs of response, but as "a preemptive effort to advance MichCon's own, singular agenda–diminishing its potential exposure in the event it later was called upon to reimburse Plaintiffs or remediate portions of the SRA Property." (*Id.* at 11.)

Contrary to Plaintiffs arguments, the court finds that MichCon's allegations are sufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the amended counterclaim is therefore not futile. *See Blakely*, 276 F.3d at

---

[2] In *Pitsch v. ESE Michigan, Inc.*, 593 N.W.2d 565 (Mich. Ct. App. 1999), the Michigan Court of Appeals noted that that Michigan courts deviate from federal decisions interpreting the CERCLA when "the clear language of the [the predecessor of NREPA] compels a different result." 593 N.W.2d at 574.

874. MichCon has responded to the court's concerns and has included additional allegations in its pleadings addressing all of the deficiencies noted by the court. Specifically, MichCon has alleged that it has incurred necessary response costs "of the nature defined in CERCLA," including removal costs, "to monitor, assess, and evaluate the release or threat of release of hazardous substances at the SRA Property." (Am. Countercl. ¶ 92.) MichCon alleges its response costs were incurred to analyze and investigate the nature, source, and extent of the contamination, and that they were closely tied to actual cleanup of the SRA Property. (*Id.* ¶¶ 93-94.) MichCon asserts, among other things, that the response costs enabled it to comment on Plaintiffs' proposed remedy and to propose alternative remedial measures that more effectively address the releases and migration of the releases. (*Id.* ¶ 94.) MichCon alleges that it "faced and continues to face an actual risk that the contamination, if not properly abated, could migrate to its property." (*Id.* ¶ 95.) MichCon further specifically alleges that the response costs were not incurred for purposes of litigation. (*Id.* ¶ 96.) MichCon makes similar assertions in its proposed Count IV for cost recovery under NREPA. (*Id.* ¶¶ 113-117.)

The court finds these allegations sufficient to meet the pleading standards imposed by Federal Rule of Civil Procedure 8, as articulated under Supreme Court precedent. Plaintiffs' arguments go more to the veracity of MichCon's allegations, rather than their sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accepting MichCon's allegations as true, its

10

counterclaims for cost recovery are *plausible* on the face of the pleadings. MichCon's more detailed allegations in its amended counterclaim provides more than "labels and conclusions;" instead, the factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true." *Twombly*, 550 U.S. at 555. The problem with MichCon's previous counterclaim was that it contained no factual matter whatsoever to support a claim for "necessary" costs of response. MichCon has corrected this defect and the amended counterclaim is not futile. As Plaintiffs present no other argument against the motion to amend, the court will grant the motion and allow the amended counterclaim to proceed.

### C. Third Party Complaint

Federal Rule of Civil Procedure 14 allows a defending party, through leave of court, to institute a third-party action against a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). Pursuant to the court's August 6, 2010, "Scheduling Order," amendments to the pleadings were due by October 1, 2010, which is the date on which MichCon filed its motion to file a Third Party Complaint. Plaintiff opposes the motion for the same reasons set forth in its response to MichCon's motion to amend the counterclaim. As the court has rejected those arguments, the court will allow the Third Party Complaint.

### IV. CONCLUSION

IT IS ORDERED that MichCon's "Motion for Reconsideration and for Leave to Amend Counterclaim" [Dkt. # 58] is GRANTED.

IT IS FURTHER ORDERED MichCon's "Motion for Leave to File Third-Party Complaint" [Dkt. # 61] is GRANTED.

MichCon is DIRECTED to file its First Amended Counterclaim and Third-Party Complaint within **seven** days of this order and to serve the United States of America within **fourteen** days thereafter. The court will schedule a status conference immediately after the United States of America files an answer. In the meantime, the parties are instructed to continue their diligent discovery efforts, and to be prepared to share, if they have not already done so, their previously-conducted discovery with the United States in such a way as to maximize efficiency.

     S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 5, 2011, by electronic and/or ordinary mail.

     S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-13503.FORD.MICHCON.Reconsideration.2.wpd