UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FORD MOTOR COMPANY, a
Delaware Corporation; SEVERSTAL
DEARBORN, LLC,

               Plaintiffs/Counter-Defendants,

                   v.

MICHIGAN CONSOLIDATED GAS
COMPANY, a Michigan Corporation,

               Defendant/Counter-Plaintiff,
               Cross-Plaintiff,

                   v.

UNITED STATES OF AMERICA,

               Defendant/Cross-Defendant.

Civil Case No. 2:08cv13503
Hon. Robert H. Cleland

_____/

## CONSENT DECREE

This Consent Decree ("Decree") is made, as of the Effective Date between

Plaintiffs Ford Motor Company ("Ford") and Severstal Dearborn, LLC ("Severstal")

(collectively, "Plaintiffs") and Defendant United States of America ("United States"). Plaintiffs

and the United States are collectively referred to as the "Parties."

       WHEREAS, the action involves claims by Plaintiffs under the Comprehensive

Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675, as

amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499,

100 Stat. 1613 (1986) (hereinafter "CERCLA");

WHEREAS, the Parties desire to enter into this Decree to have a full and final resolution of any and all claims that were, could now be or hereafter have been asserted against the United States in connection with Covered Matters and to avoid the complication and expense of further litigation of such claims concerning the Schaefer Road Settlement Area;

WHEREAS, the Parties agree, and this Court finds, that this Decree is fair, reasonable and in the public interest; and

WHEREAS, this Decree is a final settlement of all Covered Matters, and the United States does not admit any issue of fact or law arising from occurrences or transactions pertaining to the Schaefer Road Settlement Area.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      The Parties to this Decree are Plaintiffs and the United States.

2.      This Decree applies to, is binding upon, and inures to the benefit of Plaintiffs and the United States.

3.      <u>Effective Date</u>.  The Effective Date of this Decree shall be the date this Decree is entered by the Court.

4.      <u>Definitions</u>.  Unless otherwise expressly provided herein, terms used in this Decree which are defined in CERCLA, the Solid Waste Disposal Act (also known as the Resource Conservation and Recovery Act), 42 U.S.C. §§ 6901-6992k (hereinafter "RCRA"), or their implementing regulations shall have the meaning assigned to them in CERCLA, RCRA or their implementing regulations as of the Effective Date.  Whenever the terms listed below are used in this Decree, the following definitions shall apply:

(a)     <u>Affiliated Contractor</u>.  "Affiliated Contractor" means any business entity that serves as a subcontractor to Plaintiffs under any of Plaintiffs' Federal Contracts, or as a prime contractor for Federal Contracts under which Plaintiffs serve as a subcontractor.

(b)     <u>Covered Matters</u>.

(i)     "Covered Matters" means any and all past or future claims, including any contractual or Tort Claims, that were, could now be or hereafter could be asserted against the United States, to the extent that they arise from or are directly related to BOTH:

(A)     Activities conducted by the Army Corps of Engineers in the Schaefer Road Settlement Area on or before the Effective Date; AND

(B)     Pollutants, contaminants, solid wastes, Hazardous Wastes, and Hazardous Substances: (1) at or on the Schaefer Road Settlement Area on or before the Effective Date; (2) at or on the Schaefer Road Settlement Area on or before the Effective Date, but which have come to be, or will after the Effective Date (other than as a result of actions by the United States after the Effective Date) come to be, located in any place other than the Schaefer Road Settlement Area; or (3) that arise out of any conditions at the Schaefer Road Settlement Area, or any activities conducted at the Schaefer Road Settlement Area, on or before the Effective Date.

(ii)     "Covered Matters" shall not include claims which are related to pollutants, contaminants, solid wastes, Hazardous Wastes, and Hazardous Substances that have come to be located at places other than the Schaefer Road Settlement Area, to the extent such claims also arise from materials that were not present at or on the Schaefer Road Settlement Area on or before the Effective Date.

3

(c)     Double Recovery.  "Double Recovery" means: (i) any Third-Party Reimbursement of any of the money being paid by the United States pursuant to this Decree; and (ii) any compensation of any kind for Resolved Costs other than the money being paid pursuant to this Decree, provided by the United States to Plaintiffs or to Affiliated Contractors, including but not limited to, direct payments, Federal Contract payments or credits, and the compromise of any claims, causes of action, suits, or demands of any kind whatsoever in law or in equity for Resolved Costs, whether asserted against the United States or other persons or entities.

(d)     Environmental Remediation.  "Environmental Remediation" means any action taken by any person or entity, whether voluntary or due to threat of enforcement action or lawsuit, to investigate and/or respond to a release or threat of release of pollutants, contaminants, solid wastes, Hazardous Wastes, and Hazardous Substances, or to settle liability for such release or threat of release, under CERCLA, RCRA, or any other federal, state, or local environmental cleanup authority.

(e)     Federal Contract.  "Federal Contract" means any prime contract, subcontract, or any other agreement transferring value between Plaintiffs and a department, agency, or instrumentality of the United States, including but not limited to, contracts for goods or services, grants, and cooperative agreements, regardless of whether Plaintiffs are a prime contractor or subcontractor.

(f)     Hazardous Substances.  "Hazardous Substances" means any hazardous substance within the meaning of 42 U.S.C. § 9601(14) or 40 C.F.R. Part 300, App. A, § 1.1 (hazardous substance), any pollutant or contaminant within the meaning of 42 U.S.C. § 9601(33), and specifically includes radioactive substances as defined in 40 C.F.R. Part 300, App.

4

A § 1.1 (radioactive substance) and petroleum, including crude oil or any fraction thereof, natural gas, liquified natural gas, or synthetic gas.

(g)     Hazardous Wastes. "Hazardous Wastes" means any hazardous waste within the meaning of 42 U.S.C. § 6903(5), any pollutant or contaminant within the meaning of 42 U.S.C. § 9601(33), and specifically includes radioactive substances as defined in 40 C.F.R. Part 300, App. A § 1.1 (radioactive substance) and petroleum, including crude oil or any fraction thereof, natural gas, liquified natural gas, or synthetic gas.

(h)     Plaintiffs. "Plaintiffs" means (i) Ford and its predecessors, successors, assigns, subsidiaries, parent companies, affiliates, designees, and all related entities, including but not limited to the Rouge Steel Company, up until the Rouge Steel Company  became an independent company on December 15, 1989; and (ii) Severstal and its predecessors, successors, assigns, subsidiaries, parent companies, affiliates, designees, and all related entities, and does not include the Rouge Steel Company.

(i)     Resolved Costs. "Resolved Costs" means any past, present or future costs, expenses, liabilities or obligations of any kind incurred by any person or entity, including third persons and the State, to address Covered Matters, including but not limited to, direct and indirect costs of performing Environmental Remediation.

(j)     Schaefer Road Settlement Area. "Schaefer Road Settlement Area," for the purposes of this Consent Decree only, means the property bounded by the midlines of Greenfield Road, Butler Road, Schaefer Highway/Road, and the southern bank of the Rouge River from the midline of the Schaefer Road Bridge to the midline of the Greenfield Road Bridge.  The Schaefer Road Settlement Area, for purposes of this Consent Decree only, is depicted on Exhibit A.

5

(k)     Settlement Amount.  "Settlement Amount" means the total amount of $4,250,000.00 which the United States will pay to Plaintiffs pursuant to the terms of this Consent Decree.

(l)     State.  "State" means the State of Michigan.

(m)     Third-Party Reimbursement.  "Third-Party Reimbursement" means any payment of, or consideration for, Resolved Costs that Plaintiffs or an Affiliated Contractor receives from any person or entity other than the United States, including but not limited to, direct payments, insurance or contract recoveries, the discharge of any debt or obligation, or the satisfaction of any claims, causes of action, suits, or demands of any kind whatsoever in law or in equity.

(n)     Tort Claims.  "Tort Claims" means any and all claims relating to the Schaefer Road Settlement Area that were asserted, could have been asserted, or hereafter have been asserted against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, whether known or unknown.

(o)     United States.  The "United States" means the United States of America, including all of its departments, agencies, and instrumentalities.

5.     Covenant Not To Sue by Plaintiff and Severstal.  Upon entry of this Decree by the Court, Plaintiffs hereby forever covenant not to sue and agree not to assert (by way of the commencement of an action, the joinder of the United States in an existing action or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity which they may have had, or hereafter have against the United States for Covered Matters, including, but not limited to, claims under CERCLA sections 107 and 113, claims under

6

RCRA section 7002, Tort Claims, and contract claims, other than to enforce the terms of this Decree.

      6.      <u>Plaintiffs' Warranty Against Double Recovery</u>.

      (a)      Plaintiffs hereby warrant that they have not sought or received, and shall not in the future seek or receive, any Double Recovery, whether through Third-Party Reimbursement, any Federal Contract, or any claim, cause of action, suit, or demand of any kind whatsoever in law or in equity.

      (b)      Plaintiffs shall not include in any claim or invoice to the U.S. Government any costs related to Covered Matters for which they have received payment under this Decree or Third Party Reimbursement, whether such a claim or invoice is submitted pursuant to any Federal Contract, or any claim, cause of action, suit, or demand of any kind whatsoever in law or in equity. Plaintiffs are expressly prohibited from including such costs as either direct or indirect costs in connection with any such claim or invoice.

      (c)      Based upon their knowledge and belief, and subject to the penalties of the False Claims Act, 31 U.S.C. § 3729 et seq., and other applicable law, Plaintiffs hereby warrant to the United States that, other than the money paid by the United States pursuant to this Decree, they neither have sought nor received from the United States compensation for any Resolved Costs, nor will they seek or receive in the future, further compensation for Resolved Costs or reimbursement from the United States of any costs paid or to be paid by the United States pursuant to this Decree.

      (d)      In the event that Plaintiffs or an Affiliated Contractor receives a Double Recovery, within 90 days thereafter Plaintiffs shall repay the United States dollar-for-dollar in

7

the amount of the Double Recovery. Such amount shall accrue interest as described in 26 U.S.C. § 6621 and § 6622 from the date on which it was received. If a Double Recovery is received from the United States pursuant to a Federal Contract, Plaintiffs shall notify the responsible official for that Federal Contract in writing within 30 days, and reimburse the United States: (1) pursuant to an express reimbursement provision in that Federal Contract, if any; or (2) if the Federal Contract contains no express reimbursement provision, by transmitting a sum equal to the amount of the Double Recovery in accordance with written instructions provided by the responsible official for that Federal Contract.

(e)     Plaintiffs warrant and represent that they have made no assignment or transfer of all or any part of their rights arising out of or relating to Resolved Costs. For purposes of this section, "assignment or transfer" shall not be deemed to include any general corporate reorganizations, mergers, assignments, transfers or acquisitions that have occurred prior to or during the course of this litigation, provided however that Plaintiffs have given the United States written notice of such assignment or transfer before the Effective Date, and that the parties to any such assignment or transfer have acknowledged or agreed, in writing, to be bound by the terms of this Decree.

(f)     In the event that Plaintiffs knowingly made a false statement, as defined in 31 U.S.C. § 3729(b), in connection with any of the warranties or certifications set forth in Paragraph 6 of this Decree, they shall be liable to the United States for a civil penalty to be determined pursuant to, and in the amounts specified in, 31 U.S.C. § 3729.

8

(g)     For purposes of Paragraph 6, payment of, or consideration for, Resolved Costs that Plaintiffs or an Affiliated Contractor receive or received from the following sources shall not constitute a Double Recovery:

(i)     a current or former owner of property within the Schaefer Road Settlement Area, including but not limited to Michigan Consolidated Gas Company, the City of Dearborn, the City of Melvindale, and Wayne County; or

(ii)    insurance proceeds received by Ford prior to May 27, 2004.

7.     <u>Protection Against Claims</u>.

(a)     The Parties acknowledge and agree that the payment to be made by the United States pursuant to this Decree represents a good faith compromise of disputed claims and that the compromise represents a fair, reasonable, and equitable discharge for the Covered Matters addressed in this Decree.  The Parties agree, and by entering this Consent Decree this Court finds, that the United States is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Covered Matters as defined in Paragraph 4(b) hereof.  Any rights the United States may have to obtain contribution or otherwise recover costs or damages from persons not party to this Decree are preserved.

(b)     The Parties agree to join in and/or support, as may be appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Decree and to secure and maintain the contribution protection contemplated in this Decree.

9

8.  <u>Payment</u>.

(a)  As soon as is reasonably practicable after the Effective Date, the United States shall pay a total of $4,250,000.00 to Plaintiffs.  Payment shall be in the form of an electronic funds transfer in accordance with instructions provided by Ford.

(b)  Ford shall provide the United States with electronic funds transfer instructions in writing within 10 days after the Effective Date.  If payment under Paragraph 8(a) hereof is not made in full within sixty (60) days after Ford provides the United States with electronic funds transfer instructions in writing, then interest on the unpaid balance shall be paid commencing on the 61st day after such instructions were received by the United States.  Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

(c)  Payment by the United States under Paragraph 8(a) hereof is subject to the availability of funds appropriated and legally available for such purpose.  No provision of this Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

9.  <u>Covenant Not to Sue by United States and Reservation</u>.  The United States hereby covenants not to sue Plaintiffs for Covered Matters, except the United States specifically reserves its right to assert against Plaintiffs any claims or take any actions regarding the Schaefer Road Settlement Area brought on behalf of the United States Environmental Protection Agency, the Nuclear Regulatory Commission, or any other federal agency acting as a lead agency under the National Contingency Plan (40 C.F.R. Part 300) or as a natural resource trustee.  To the extent

10

such claims or actions regarding the Schaefer Road Settlement Area are brought against Plaintiffs, Plaintiffs reserve the right to assert any and all defenses they may have thereto. Notwithstanding any other provision of this Consent Decree, the United States also retains all authority and reserves all rights to take any and all response actions authorized by law at the Schaefer Road Settlement Area.

10.    Effect of Decree/Entry of Judgment.

(a)    This Decree was negotiated and executed by Plaintiffs and the United States in good faith and at arms length and is a fair and equitable compromise of claims, which were vigorously contested. This Decree shall not constitute or be construed as an admission of liability or any issue of fact or law by the United States. Nor is it an admission or denial of any factual allegations set out in any of the pleadings in this action or an admission of violation of any law, rule, regulation, or policy by the Parties.

(b)    Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Schaefer Road Settlement Area against any person not a Party hereto.

(c)    Upon approval and entry of this Decree by the Court, this Decree shall constitute a final judgment in this action.

11

11.     <u>Dismissal of the Action</u>.  Upon entry of this Decree, all claims by Plaintiffs against the United States in this action, whether alleged in the Third Amended Complaint or otherwise, shall be dismissed with prejudice.

12.     <u>Representative Authority</u>.  The individuals signing this Decree on behalf of the Parties hereby certify that they are authorized to bind their respective party to this Decree.

UPON CONSIDERATION OF THE FOREGOING, the Court hereby finds that this Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest.  This Court expressly directs ENTRY OF FINAL JUDGMENT in accordance with the terms of this Decree, SIGNED and ENTERED this  9th day of October, 2012.

Plaintiffs and the United States shall each bear their own costs and expenses, including attorneys' fees, in this case.

Dated:  October 9, 2012                    s/Robert H. Cleland_____
                                           HON. ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

For Ford:

Date: __12-6-11__                       _Louis J. Ghilardi_ (signature)
                                        Louis J. Ghilardi
                                        _____
                                        Name
                                             Assistant Secretary
                                        _____
                                        Title

                                        c/o David J. Witten
                                        Ford Motor Company
                                        Office of the General Counsel
                                        World Headquarters
                                        One American Road
                                        Dearborn, MI 48126
                                        Tel: (313) 845-8476

13

For Severstal:

Date: 12/5/1

Martin Szymanski, Vice President
Severstal Dearborn, LLC
14661 Rotunda Drive
P.O. Box 1699
Dearborn, MI 48120

14

For the United States:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Date: 12/15/2011

Heather E. Gange
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington D.C.  20026-3986
(202) 514-4206

15



SCHAEFER ROAD SETTLEMENT AREA
Dearborn, Michigan

Exhibit A