UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, and
SEVERSTAL DEARBORN, LLC,

    Plaintiffs/Counter-Defendants,

v.

MICHIGAN CONSOLIDATED GAS
COMPANY,

    Defendant/Counter-Plaintiff,
    Cross-Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant/Cross-Defendant.
_____/

Case No. 08-13503

Paul D. Borman
United States District Court

**OPINION AND ORDER:**
**(1) DENYING MICHCON'S MOTION TO STRIKE THE UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 165);**
**(2) GRANTING MICHCON'S MOTION TO STAY BRIEFING ON UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 166); AND**
**(3) ALLOWING MICHCON 21 DAYS FROM THE DATE OF THIS OPINION AND ORDER TO FILE A RESPONSE TO THE UNITED STATES' MOTION FOR JUDGMENT**

On January 23, 2014, this Court denied the United States' Motion to Dismiss Michigan Consolidated Gas Company's ("MichCon") Third-Party Complaint. (ECF No. 148). Thereafter, the United States filed its Answer and a Counterclaim to MichCon's Third-Party Complaint. (ECF No. 159). On June 4, 2014, the United States filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 162).

On June 18, 2014, MichCon filed the current Motion to Strike the United States' Motion for Judgment on the Pleadings. (ECF No. 165). MichCon also contemporaneously filed a Motion to Stay Briefing on United States Motion for Judgment on the Pleadings wherein it requested the Court stay its deadline such that it need not file a response to the United States' Motion for Judgment until the Court rendered a decision on its Motion to Strike. (ECF No. 166).

The Court issued an order that stayed MichCon's response deadline until the Court ruled upon the Motion to Stay such that the United States had an opportunity to respond to the Motion to Stay on June 23, 2014. (ECF No. 167). Thereafter, the United States filed a combined response to both the Motion to Stay and the Motion to Strike on July 2, 2014. (ECF No. 168). MichCon then filed a rely. (ECF No. 169).

Now pending before the Court are MichCon's Motion to Strike and Motion to Stay Briefing. For the reasons set forth below, the Court DENIES MichCon's Motion to Strike and GRANTS MichCon's Motion to Stay.

## I. BACKGROUND

The Court incorporates the recitation of the complex procedural and factual history of this action as set forth in the previous Opinion and Order denying the United States' Motion to Dismiss, (ECF No. 148, at 1-7).

## II. ANALYSIS

MichCon asserts in its Motion to Strike that the United States' Motion for Judgment is nothing more than an untimely request for reconsideration of arguments asserted in its previous Motion to Dismiss and therefore, the request is untimely and must be struck. The United States counters that it did not previously make the argument set forth in its current motion for judgment

2

and the motion for judgment is proper under the Federal Rules of Civil Procedure.

A.      Comparing the Arguments

In the pending motion for judgment, the United States argues that MichCon fails to state a claim for cost recovery pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a)(4)(B). The United States claims that due to the unique procedural posture of this action, MichCon is limited to recovering its response costs exclusively pursuant to section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1) and therefore its claim under § 107(a) should be barred.

The Court recognizes that the United States referenced this same argument in its previous motion to dismiss stating, "[i]n this case, the Court has ruled that MichCon may assert a claim under section 107(a)(4)(B), although it is the government's position that MichCon is limited to a claim under section 113(f)(1) as a result of having been sued by Ford and Severstal under section 107(a)." (ECF No. 120, at 9). The United States then provided support for its position in a footnote in which it concluded that "it is the United States' position that MichCon therefore has no claim under section 107(a)(4)(B) at this Site. However, even if MichCon did have a section 107(a)(4)(B) claim, that is of no moment to this motion, because the nature of the liability is fundamentally several liability to allocate response costs among PRPs. Such a claim is quintessentially one for contribution, and is therefore barred by Paragraph 7(a) of the Schaefer Road Settlement Area Decree." (*Id*. at 9 n.3).

While MichCon is correct that this passage from the motion to dismiss contains the same (although obviously abbreviated) argument that is set forth in the United States' current motion for judgment, MichCon's argument that the Court previously addressed this argument when it

denied the motion to dismiss is without merit. Indeed, the United States stated explicitly in its motion to dismiss that it was seeking to dismiss MichCon's Third-Party complaint "for failure to state a claim on which relief can be granted, on the grounds the claims asserted therein are barred by the Consent Decree entered in this case on October 9, 2012". (ECF No. 120, United States Mot. to Dismiss, at 1). Accordingly, this Court defined the scope of the issue presented in its Opinion and Order as presenting the "novel issue ... [of] whether MichCon's claim for cost recovery under § 107(a) is barred by the [Schaefer Road Area Consent Decree], which does not bar cost recovery claims by its plain terms." (ECF No. 148, at 12). Later in the Opinion and Order, the Court reiterated the narrow scope of its inquiry, explaining:

> the pertinent issue before the Court is whether a consent decree between the United States and Plaintiffs can foreclose a § 107(a) claim for voluntary costs incurred by MichCon for the reason that such a claim "shares sufficient attributes of common law contribution claims to fall within the scope of the [] 'Protection Against Claims' provisions of the [SRA CD]."

(*Id*. at 13 (citation omitted)). The Court further stated: "The United States' argument can be reduced to this: (1) MichCon's 107(a) claim must be construed as a contribution claim because its status as PRP mandates that it cannot invoke joint and several liability and (2) therefore MichCon's claim is barred by the SRA CD which prohibits a contribution claim 'as may otherwise provided by law.'" (*Id*. at 14).

The Court ultimately rejected the United States' argument that MichCon's §107(a) claim should be "refashion[ed]" into a § 113(f) contribution claim and found that the consent decree did not foreclose MichCon's § 107(a) claim. (ECF No. 148, at 18). The Court, however, never reached the issue of whether MichCon's § 107(a) claim was barred due to the procedural posture of the action such that MichCon's only recourse for recouping its costs would be through §

4

113(f)(1) claim.

B.     Applicable Federal Rule

The United States relies upon Federal Rule of Civil Procedure 12(f) and contends that its motion for judgment cannot be struck because it is not a pleading. This argument is irrelevant to the issue before the Court. Here, MichCon seeks to strike a motion (not a pleading) on the basis that the motion is duplicitous and therefore merely a motion for reconsideration filed well outside the 14 day window as provided in the local rules. *See* E.D. Mich. L.R. 7.1. The United States discussion of Rule 12(f) is simply off the mark.

The applicable Federal Rules of Civil Procedure at issue are Rules 12(g) and 12(h), which allow the United States to bring a motion for judgment for failure to state a claim based on an objection that it (deliberately) did not include in a previous motion to dismiss. (*See* ECF No. 168, United States' Resp. at 7 n. 4). Federal Rule of Civil Procedure 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Then in subsection (h), the Rule provides that a party can waive a defense listed in Rule 12(b)(1)-(5) by either omitting it from a motion in the circumstances described in Rule 12(g)(2), by failing to make the defense by motion under this rule, or by failing to include it in a responsive pleading or amendment. FED. R. CIV. P. 12(h)(1)(A)-(B). "This rule was 'intended to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions.'" *Swart v. Pitcher*, 9 F.3d 109, 1993 WL 406802, * 2 (6th Cir. 1993) (Table Decision) (quoting *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978)).

5

This limitation on the motions a party may bring pursuant to Rule 12 is subject to an exception for certain motions as described in Rule 12(h)(2). Rule 12(h) provides in relevant part that the defense of failure to state a claim upon which relief can be granted is a defense that may be raised:

> (A) in any pleading allowed or ordered under Rule 7(a);
> (B) by a motion under Rule 12(c); or
> (C) at trial.

FED. R. CIV. P. 12(h)(2)(A)-(C). The Sixth Circuit has recognized that this allows a party to raise the defense of failure to state a claim "even though not raised in an earlier motion to dismiss". *Swart*, 9 F.3d 109, 1993 WL 406802 at *3. The Sixth Circuit has also noted that Rule 12(h)(2) would preclude the filing of a second 12(b)(6) motion to dismiss after an initial motion to dismiss. *Id.* (citation omitted). However, in this action, the United States has not made an improper second 12(b)(6) motion to dismiss, but rather answered MichCon's Third-Party complaint and submitted a timely motion for judgment on the pleadings pursuant to Rule 12(c).

Moreover, the Federal Rules of Civil Procedure explicitly provide that a party cannot waive the defense of failure to state a claim and such an objection can be asserted as late as during trial. The 1966 Amendment Notes to Rule 12 confirm this fact:

> It is to be noted that while the defenses specified in subdivision (h)(1) are subject to waiver as there provided, the more substantial defenses of failure to state a claim upon which relief can be granted, failure to join a party indispensable under Rule 19, and failure to state a legal defense to a claim (see Rule 12(b)(6), (7), (f)), as well as the defense of lack of jurisdiction over the subject matter (see Rule 12(b)(1)), *are expressly preserved against waiver* by amended subdivision (h)(2) and (3).

FED. R. CIV. P. 12, 1966 Amend. Note (emphasis added); *see also Birkenbach v. National Gypsum Co.*, Slip Copy, No. 13-14607, 2014 WL 2931795, *4 (E.D. Mich. June 20, 2014)

(recognizing "Federal Rule of Civil Procedure 12(h)(2) preserves the failure to state a claim defense from waiver.").

MichCon recognizes the United States' strategy is permitted by the Federal Rules of Civil Procedure (ECF No. 169, MichCon's Reply, at 5 n. 3) and as a result attempts to construe the motion for judgment as a motion for reconsideration.  However, as examined previously, the United States did not seek to dismiss MichCon's Third-Party complaint on the grounds asserted in the motion for judgment.  Accordingly, the Court did not opine on the issue.  Thus, MichCon's argument is without merit and the Court finds the United States' motion for judgment is not an improper motion for reconsideration and is properly before the Court.

C. Motion to Stay

The United States argues that the Court should not grant the Motion to Stay MichCon's time to respond to the motion for judgment to the extent it would postpone the oral argument scheduled for September 4, 2014.  The Court notes the United States' concern regarding the possible further delay in this action but finds that the interests of justice are served by allowing MichCon 21 days to file its response to the United States' motion for judgment and rejects the United States' arguments to the contrary.  Accordingly, the Court will grant MichCon's motion to stay its briefing until the date this Opinion and Order is issued and allow MichCon 21 days to file a response brief.  The United States shall thereafter have 14 days to file a reply.  The Court shall reschedule the oral argument to accommodate this briefing schedule.

### III. CONCLUSION

For all these reasons, the Court:

(1) DENIES MichCon's Motion to Strike (ECF No. 165),

(2) GRANTS MichCon's Motion to Stay (ECF No. 166) to the extent MichCon's time to respond to the United States' Motion for Judgment is Stayed until the date of the Order denying MichCon's Motion to Strike; and

(3) ORDERS that MichCon has 21 days from the date of this Order to file its substantive response brief in opposition to the United States' Motion for Judgment. The United States, thereafter, is allowed 14 days from the date the Response is filed to file a reply.

SO ORDERED.

      s/Paul D. Borman  
      PAUL D. BORMAN  
      UNITED STATES DISTRICT JUDGE

Dated: August 5, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2014.

      s/Deborah Tofil  
      Case Manager