UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY, and
AK STEEL CORPORATION,

    Plaintiffs/Counter-Defendants,        Case No. 08-13503

v.                                                   Paul D. Borman
                                                   United States District Court

MICHIGAN CONSOLIDATED GAS
COMPANY,

    Defendant/Counter-Plaintiff,
    Cross-Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant/Cross-Defendant.
_____/

OPINION AND ORDER DENYING MICHIGAN CONSOLIDATED GAS COMPANY'S
MOTION FOR RECONSIDERATION (ECF No. 185)

On February 10, 2015, this Court granted United States' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (ECF No. 182).  Now before the Court is Michigan Consolidated Gas Company's ("MichCon") Motion for Reconsideration that was filed on February, 24, 2015.  (ECF No. 185).  For the reasons stated below the Court DENIES MichCon's Motion for Reconsideration.

I. BACKGROUND

The facts in this matter are thoroughly set forth in the Court's February 10, 2015, Opinion and Order.  (ECF No. 182, at 2-10).

II. STANDARD OF REVIEW

MichCon brings its Motion for Reconsideration pursuant to E.D. Mich. LR 7.1(h)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

A movant "must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011) (citing E.D. Mich. LR 7.1). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

III. ANALYSIS

MichCon requests that this Court reconsider its February 10, 2015 Opinion and Order that dismissed MichCon's cost recovery claim against the United States brought pursuant to § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a). MichCon argues that this Court has adopted a "temporal" CERCLA framework that cannot be reconciled with the Supreme Court's decision in *United States v. Atlantic Research*, 551 U.S. 128 (2007). More specifically, MichCon asserts that the

Court's analysis has deprived it of "any remedy under CERCLA to recover its own costs" and such an effect constitutes a palpable defect in the Opinion and Order. (ECF No. 185 at 4).

The Supreme Court has explained: "§ 113 provides two express avenues for contribution: § 113(f)(1) ('during or following' specified civil actions) and § 113(f)(3)(B) (after an administrative or judicially approved settlement that resolves liability to the United States or a State)." *Cooper Inds. v. Aviall Servs. Inc.*, 543 U.S. 157, 167 (2004). In its February 10, 2015 Opinion and Order this Court held that the Sixth Circuit's recent decision in *Hobart Corp. v. Waste Management of Ohio, Inc.* was binding and agreed that "CERCLA's text and structure lead us to conclude that PRPs must proceed under § 113(f) if they meet one of that section's statutory triggers." (Op. at 18 (quoting *Hobart Corp. v. Waste Management of Ohio, Inc.*, 758 F.3d 757, 767 (6th Cir. 2014)). The Court further found that § 107(a) and § 113(f) claims are mutually exclusive and "if a party is able to bring a contribution action, it must do so under § 113(f), rather than § 107(a)." (Op. at 19 (quoting *Hobart*, 758 F.3d at 767)). This Court then concluded that one of those statutory triggers was pulled when MichCon was first sued in 2008 by Plaintiffs Ford Motor Corporation and AK Steel Corporation ("Plaintiffs") pursuant to § 107(a) for its potential common liability regarding the Schaefer Road Area. (Op. at 22). At that time, MichCon became able to pursue a contribution claim pursuant to § 113(f)(1) and "seek contribution from any other person who is liable or potentially liable under section [§ 107(a)]". *See* CERCLA, § 113(f)(1).

MichCon's current argument is that this analysis does not comport with the Supreme Court's holding in *Atlantic Research* and leaves MichCon without a remedy because it cannot seek its voluntarily incurred costs through § 113(f)(1). The Court notes as an initial matter that

MichCon's current argument rehashes a previous argument in response to the Motion for Judgment.  (*See* ECF No. 175, at 16-17, arguing that United States was asking the Court to use a "temporal analysis" and noting that "such an analysis makes little sense and its at odds with *Atlantic Research*".).  Indeed, MichCon does not cite any new or analogous case law for its conclusion but again relies upon a footnote in *Atlantic Research* that states: "[f]or our purposes it suffices to demonstrate that costs incurred voluntarily are recoverable only by way of § 107(a)(4)(B), and costs of reimbursement to another person pursuant to a legal judgment or settlement are recoverable only under § 113(f).".  *Atlantic Research*, 551 U.S. at 139 n. 6.

 MichCon's argument is wrong footed and does not evidence a palpable defect.  MichCon focuses narrowly on a footnote in *Atlantic Research* and studiously ignores the Supreme Court's relevant analysis supporting its conclusion that § 113(f)(1) and § 107(a) offer distinct remedies for parties in "different procedural circumstances".  *Atl. Research*, 551 U.S. at 139-40.  As the Seventh Circuit has eloquently summarized: "CERCLA does not ask whether a person incurs costs voluntarily or involuntarily.  It asks whether a ... person has previously been subjected to a civil action under [§ 106] or [§ 107], and so on."  *Berstein v. Blankert*, 733 F.3d 190, 210 (7th Cir. 2013).  This analysis and the conclusion that it is the procedural posture of a party rather than the nature of the costs that controls has been upheld by every Circuit Court that has touched on the issue.  (*See* Op. at 19-20 (collecting cases)).  While it may be true that this framework has a "temporal component" - such timing is explicit in the statutory language of § 113(f) itself which authorizes "suit before or after the establishment of common liability", *Atlantic Research*, 551 U.S. at 138-39, and the Sixth Circuit has held that "this reading is fair".  *Hobart*, 758 F.3d at 767.

4

Finally, the Court notes that MichCon's argument is disingenuous because MichCon claims that its "§ 113 [claim] was precluded because the costs at issue were direct and voluntarily incurred" (Mot. at 4), however, MichCon's § 113(f) contribution claim against the United States was precluded by the language of SRA Consent Decree. (*See* ECF No. 123 at 1, conceding the Consent Decree bars its § 113(f) claim against the United States). Additionally, this Court offers no opinion as to MichCon's currently pending claims against the Plaintiffs (including a § 113(f)(1) claim brought in response to Plaintiffs' § 107(a) claim) as those issues are not before it nor were those claims at issue in the United States' Motion for Judgment on the Pleadings. (*See* MichCon Am. Compl., ECF No. 70).

Accordingly, MichCon has not shown a "palpable defect" in the Court's Opinion and Order where MichCon's motion sets forth the same argument that this Court previously addressed and its argument is otherwise unpersuasive and not supported by any case law.

## IV. CONCLUSION

For all these reasons, the Court DENIES MichCon's Motion for Reconsideration (ECF No. 185).

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2015.

                                                s/Deborah Tofil
                                                Case Manager